UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CHRISTOPHER DAWSON,

        Plaintiff,

vs.

CHATHAM'S PLACE RESTAURANT, INC.,
and IGNACIO LOPEZ,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, CHRISTOPHER DAWSON ("Mr. Dawson"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, CHATHAM'S PLACE RESTAURANT, INC. ("Chatham's Place") and IGNACIO LOPEZ ("Mr. Lopez"), and states as follows:

### INTRODUCTION

1.    Florida's Constitution makes clear that all working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship.

1

2. Similarly, the Federal Fair Labor Standards Act ("FLSA") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

3. Importantly, the FLSA also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id.*

4. To achieve these fundamental goals, federal and state law sets minimum pay standards for employees and employers.

5. Accordingly, this action seeks redress for deprivation of rights secured by the FLSA and its state counterpart, the Florida Minimum Wage Act (FMWA) as contemplated by Article X, Section 24, of the Florida Constitution.

6. The FLSA and FMWA are especially important to hospitality and service workers, which comprise a large segment of Orlando's workforce.

7. Chatham's Place and Mr. Lopez utilized their unequal bargaining power to render Mr. Dawson defenseless against the denial of a living wage, something that he is entitled to receive and which is protected by these acts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## GENERAL FACTUAL ALLEGATIONS

10. Chatham's Place is an upscale dining restaurant.

11. Mr. Dawson was employed by Chatham's Place as a server.

12. Mr. Dawson was paid a direct hourly wage and he supplemented that hourly wage from tips he received from customers.

13. At all times relevant time to his employment, Mr. Dawson regularly used the instrumentalities and channels of interstate commerce while performing his work.

14. At all times relevant to their employment, Mr. Dawson was directly engaged in interstate commerce or in the production of goods for interstate commerce.

15. Chatham's Place is an "employer" as defined by 29 U.S.C. § 203(d).

16. Chatham's Place has employees subject to the provisions of the FLSA in the facility where Mr. Dawson was employed.

17. Chatham's Place employed two or more persons, including Mr. Dawson, who were engaged in commerce or in the production of goods for commerce, or it had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

18. Mr. Dawson avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act, Chatham's Place is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

19. Mr. Lopez is the owner of Chatham's Place.

20. Mr. Lopez is involved in the day-to-day operations of Chatham's Place.

21. Mr. Lopez guided the company policies of Chatham's Place.

22. Mr. Lopez actively engaged in the management, supervision, and oversight of Chatham's Place.

23. Mr. Lopez could have authorized Chatham's Place's compliance with the FLSA and FMWA.

24. Mr. Lopez had control over the financial affairs of Chatham's Place.

25. Mr. Lopez, at all times material hereto, was acting directly or indirectly in the interest of Chatham's Place in relation to Chatham's Place's employees and was substantially in control of the terms and conditions of the employees' work.

26. Mr. Lopez is individually liable for the unlawful acts complained of herein.

## UNLAWFUL PAY PRACTICES

27. During 2019 and 2020, Mr. Dawson worked numerous workweeks where he did not receive the proper wages for each hour worked.

28. Defendants utilized a federal tip credit of $3.02 per hour to reduce the hourly wage rate it was required to compensate hourly workers, including Mr. Dawson, who received tips from customers to supplement their compensation.

29. Because of the tip credit, Defendants paid less than the required minimum wage for hours worked by its employees, including Mr. Dawson.

30. Generally, tips are the property of the person who retains them but Defendants did not allow Mr. Dawson to retain all of his tips.

31. Defendants utilized a "tip pool" that included the sharing or splitting of tips with other employees.

32. Defendants' "tip pool" arrangement included splitting tips with other employees who did not customarily or regularly receive tips, including

nightly managers and other staff.

33. Mr. Dawson was required to participate in the tip-pooling and splitting arrangement so tips that he received from customers were paid to non-tipped employees, such as nightly managers or other staff.

34. Defendants unlawfully withheld and then diverted Mr. Dawson's property, his tips, to satisfy their own obligations, as employers, to compensate employees lawfully.

35. The Defendants unlawful tip-pooling practice precludes the implementation of the $3.02 per hour tip credit.

36. As a result, Mr. Dawson worked numerous weeks without receiving the proper minimum wage for each hour worked because the tip credit was unlawfully applied.

37. Defendants had knowledge that Mr. Dawson's tips were not being used for lawful purposes.

38. Defendants had knowledge that Mr. Dawson was working without proper compensation.

39. Defendants failed to make a good faith effort to determine if Mr. Dawson was being compensated appropriately pursuant to the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA).

40. Chatham's Place's unlawful compensation practices are in willful disregard of the rights of Mr. Dawson.

41. Chatham's Place has failed to maintain and keep accurate records of time, pay, and other conditions of work as required by the Fair Labor Standards Act.

42. Chatham's Place also failed to post the required notice pursuant to the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA).

43. Mr. Dawson retained LaBar & Adams, P.A. as counsel and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## FLSA VIOLATION

44. Plaintiff, Mr. Dawson, re-alleges and incorporates herein the allegations contained in paragraphs 2 through 43 above.

45. During Mr. Dawson's employment, beginning in March 2019 and extending until March 2020, Chatham's Place allowed managers or supervisors to keep a portion of Mr. Dawson's tips.

46. Chatham's Place allowed non-tipped employees to keep a portion of Mr. Dawson's tips.

47. Chatham's Place repeatedly and willfully violated the FLSA by failing to compensate Mr. Dawson the appropriate minimum wage rate for each and every hour worked.

48. Chatham's Place willfully failed to maintain and keep accurate records of time, pay, and other conditions of employment as required by the FLSA.

49. Chatham's Place failed to post the required notice pursuant to the FLSA.

50. Mr. Lopez, at all times material hereto, was acting directly or indirectly in the interest of Chatham's Place.

51. Mr. Lopez is individually liable for the unlawful acts complained of herein.

WHEREFORE, Mr. Dawson demands a judgment against Chatham's Place and Mr. Lopez, jointly and severally, for the following:

    (a) Unpaid wages including the sum of any tip credit taken and all such tips unlawfully kept and found to be due and owing;

    (b) An additional amount equal to the unpaid wages found to be due and owing in part (a) above as liquidated damages;

    (c) Prejudgment interest;

    (d) A reasonable attorney's fee and costs; and,

    (e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Dawson demands a jury trial on all issues contained in Count I.

## COUNT II
## FLORIDA MINIMUM WAGE ACT VIOLATION

52. Plaintiff, Mr. Dawson, re-alleges and incorporates herein the allegations contained in paragraphs 1, and 4 through 43 above.

53. The FMWA imposes a minimum wage that all covered employees in Florida must receive.

54. Defendant is an employer as defined by the FMWA and is covered by the act.

55. Mr. Dawson was an employee of Defendant as defined by the FMWA and is covered by the act.

56. Defendant failed to pay Mr. Dawson's compensation at the lawful minimum rates for all hours worked in violation of the FMWA.

57. The relevant claim period begins in March 2019 and ends in March 2020.

58. Chatham's Place utilized a tip credit to reduce the minimum wage rate it compensated to Mr. Dawson for hours worked.

59. Chatham's Place's "tip pool" arrangement included the sharing or splitting of tips with employees that do not customarily or regularly receive tips.

60. Chatham's Place did not allow Mr. Dawson to retain all of his tips as a portion of his tips were retained by Defendants.

61. Mr. Dawson is entitled to full reimbursement of the difference between Florida's Minimum Wage and the direct hourly wage received.

62. Defendants failed to keep the required employment conditions records as required by state and federal law.

63. Defendants failed to display the required Minimum Wage Notice pursuant to Florida Statute §448.109.

64. Defendants' actions were not made in good faith.

65. Defendants lacked any reasonable grounds for believing that their actions were not a violation of the FMWA.

66. All conditions precedent to bringing this count have been satisfied.

WHEREFORE, Mr. Dawson demands a judgment against Chatham's Place and Mr. Lopez, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Dawson demands a jury trial on all issues contained in Count II.

Dated:  December 10, 2021

                                   Respectfully submitted,

                                   */s/ N. Ryan LaBar, Esq.*
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)